UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BOBBY COLBERT,<br><br>                    Petitioner,<br>     v.<br><br>JASON BENNETT,<br><br>                    Respondent. | Case No. 2:24-cv-01002-DGE-TLF<br><br>ORDER DIRECTING RESPONDENT TO SUPPLEMENT ANSWER AND STATE COURT RECORD; ORDER CONCERNING MOTIONS |

On July 29, 2024, Petitioner Bobby Darrell Colbert filed his federal habeas Petition, pursuant to 28 U.S.C. § 2254, challenging his 2005 Skagit County convictions for rape in the second and third degree. Dkt. 8. He is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington. *Id.* Respondent filed an answer on September 5, 2024. Dkt. 21. Respondent argues the federal habeas petition should be dismissed as successive. *Id.*

Petitioner has filed several other federal habeas petitions challenging his conviction, and the Court determined that Petitioner's habeas petitions were successive and either transferred them to the Ninth Circuit as second or successive petitions, or dismissed the case. *See Colbert v. McDonald*, C08- 0870-RSL; *Colbert v. Sinclair*, C11-0076-RSM; *Colbert v. Glebe*, C12-0563-RAJ; *Colbert v. Gilbert,* C16-1247-JLR; *Colbert v. Gilbert*, C16-1663-RSL; *Colbert v. Haynes*, C18-1350-RSM, *Colbert v. Haynes*, C19-0467-RAJ; *Colbert v. Bennett*, C23-1122-JNW; *Colbert v. Bennett*, C24- 0889-LK; and

*Colbert v. Bennett*, C24-1439-DGE-SKV. Here, Petitioner raises a *Brady* claim and asserts that an allegedly exculpatory DNA report was disclosed by the deputy prosecuting attorney on February 1, 2019. Dkt. 8 at 5.

From the limited record before the Court, it is unclear when the *Brady* claim became ripe. "Notwithstanding the prohibition of second or successive petitions in most cases, not every petition filed after an initial petition has been adjudicated is considered second or successive." *Brown v. Atchley*, 76 F.4th 862, 866 (9th Cir. 2023). The Ninth Circuit in *Brown v. Atchley* explained that "a petitioner does not run afoul of the abuse of the writ doctrine by raising a new claim in a successive petition that could not have been raised in a prior petition." *Id.* at 867.

The Court orders Respondent to supplement the state court record and file a supplemental brief to clarify the issue of when Petitioner's *Brady* claim became ripe, and whether Petitioner's current petition is, or is not, successive under *Brown v. Atchley*. Respondent's deadline for the supplemental record and brief is **January 19, 2025**. Petitioner may file a response to the State's supplemental brief on or before **February 2, 2025**. The Court instructs the Clerk to re-note Petitioner's habeas corpus petition to February 2, 2025.

//

//

//

//

//

//

ORDER DIRECTING RESPONDENT TO
SUPPLEMENT ANSWER AND STATE COURT
RECORD; ORDER CONCERNING MOTIONS - 2

The Court further acknowledges Petitioner's request to note his motions for discovery (Dkt. 9), request for records (Dkt. 11), motion to appoint counsel (Dkt. 15), motion to complete service (Dkt. 17) and motion to take judicial notice (Dkt. 18). The Court previously denied these motions as premature as they were filed prior to the deadline for Respondent's answer. *See* Dkts. 14, 19, 20. These motions are no longer premature. The Court instructs the Clerk to note Dockets 9, 11, 15, 17, 18 for February 9, 2025. Respondent's deadline for filing a response to these motions is January 26, 2025. Petitioner's deadline to file an optional reply brief concerning these motions is February 9, 2025.

Dated this 18th day of December, 2024.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER DIRECTING RESPONDENT TO
SUPPLEMENT ANSWER AND STATE COURT
RECORD; ORDER CONCERNING MOTIONS - 3