UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOBBY COLBERT,<br><br>            Petitioner,<br><br>  v.<br><br>JASON BENNETT,<br><br>            Respondent. | CASE NO. 2:24-cv-01002-DGE<br><br>ORDER DENYING MOTION FOR RECONSIDERATION (DKT. NO. 41) |

Presently before the Court is Petitioner's motion for reconsideration (Dkt. No. 41) of the Court's order adopting Judge Fricke's Report and Recommendation and dismissing Petitioner's 28 U.S.C. § 2254 petition. (Dkt. No. 39.)

Under Local Civil Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. LCR 7(h)(1). Reconsideration is an "extraordinary remedy, to be used

ORDER DENYING MOTION FOR RECONSIDERATION (DKT. NO. 41) - 1

1  sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v.*
2  *Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

3      "[A] motion for reconsideration should not be granted, absent highly unusual
4  circumstances, unless the district court is presented with newly discovered evidence, committed
5  clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals,*
6  *Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Whether or not to
7  grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v.*
8  *Confederated Tribes & Bands of the Yakama Indian Nation*, 1041, 1046 (9th Cir. 2003).

9      First, Petitioner argues the Court erred in finding *Panetti v. Quarterman*, 551 U.S. 930,
10 (2007) was not applicable to his claimed *Brady* violation. (Dkt. No. 41 at 2–3.) The Court
11 distinguished *Panetti* from the present matter because it involved a claim of incompetency raised
12 to prevent an execution. (Dkt. No. 39 at 2 n.1.) The Court now acknowledges that *Panetti* could
13 be relevant because, as the Magistrate Judge identified, "a petition is not considered second or
14 successive if the petition raises claims that were not ripe at the time a previous petition was
15 filed." (Dkt. No. 33 at 8) (citing *Brown v. Atchley*, 76 F.4th 862, 872–873 (9th Cir. 2023) and
16 *Panetti*, 551 U.S. at 945.) But in this case, the Court agrees with the Magistrate Judge that
17 Petitioner previously filed four habeas petitions *after* his *Brady* claim became ripe. (*See id*. at
18 12.) Therefore, *Panetti* remains inapplicable because Petitioner had the opportunity to raise his
19 *Brady* claim in his prior habeas petitions but did not. Petitioner's *Brady* claim, therefore,
20 remains barred by the ban on successive habeas petitions absent first obtaining leave to file a
21 new habeas petition from the Court of Appeals. *See* 28 U.S.C. 2244(b)(3)(A).
22      ,

Second, Petitioner contends the Court manifestly erred by noting that the Ninth Circuit had denied Petitioner's application to file a second or successive petition. (*Id.* at 3–4.) Petitioner contends he raised in his application additional issues not raised in this case, and that the Court therefore erred in finding it did not have jurisdiction. (*Id.*) Petitioner's argument does not affect the Court's finding that his petition was second or successive, or the fact that the Ninth Circuit has not granted Petitioner leave to file such a new habeas petition.

Accordingly, Petitioner's motion for reconsideration (Dkt. No. 41) is DENIED.

Dated this 20th day of June, 2025.

David G. Estudillo
United States District Judge